STATE OF NEW JERSEY, NORMAN GASKILL, PROSECUTOR, v. JAMES REILY, DEFENDANT.

Decided March 19, 1923.

### Motor Vehicles—Review of Conviction by Justice of Supreme Court.

On petition of defendant to set aside his conviction of a violation of section 14, subdivision 3 of the Motor Vehicle act, chapter 208 of the laws of 1921.

Before Mr. Justice KALISCH.

For the petitioner, *James Mercer Davis* and *Charles M. Atkinson.*

For the state, *Herbert S. Killie.*

·The opinion of the court was delivered by

KALISCH, J. This matter comes before me by virtue of section 35 of the Motor Vehicle act of 1921, page 685, which, among other things, provides: "That it shall be lawful for the justice of the Supreme Court holding the circuit in each of the counties of this state, upon application made to him by a verified petition for that purpose by any person against whom a judgment or sentence for the violation of any of the provisions of this act shall have been rendered, who may desire to have the legality of his conviction reviewed or the reasonableness of the sentence or penalty imposed, to order the said complaint, process, proceedings, evidence and record of conviction to be forthwith brought before him, that the legality of such proceedings and sentence or judgment, or the reasonableness of the sentence or penalty may be summarily reviewed and determined; and if such proceedings and sentence of judgment shall thereupon be found to be illegal, or the sentence or penalty be unreasonable. forthwith to set aside the same and to order the remission or reduction of any fine and costs that may have been imposed or the discharge of any offender from custody."

The defendant was convicted by Joseph C. Kingdon, recorder of Mount Holly, on March 1st, 1923, of a ·violation of subdivision 3 of section 14 of the Motor Vehicle act, in that the defendant on the night of February 28th, 1923, while in a state of intoxication operated an automobile on a public street in Mount Holly, in the county of Burlington. This subdivision of section 14, in substance, provides that a person who shall operate a motor vehicle while under the influence of intoxicating liquor shall upon conviction thereof be punished by an imprisonment of not less than thirty days and not more than six months. In the present case the defendant was sentenced to imprisonment in the common jail of Burlington county for ninety days.

The main objection urged against the validity of the proceedings is that the record of conviction does not exhibit jurisdiction facts, namely, in that it does not show that there

was a warrant issued upon a verified complaint, nor that the defendant was brought into court and arraigned before the recorder and pleaded to the charge.

· This objection appears to me to be without any merit.

Section 35 of the act requires the complaint, process, proceedings, evidence and record of conviction to be brought before the reviewing justice. This has been done here. There was a duly verified complaint setting forth the facts constituting a violation by the defendant of subdivision 3 of section 14 of the Motor Vehicle act. This was followed by a warrant of arrest which contained the charge of violation as set out in the complaint, and which contains the endorsement of the police officer, to whom the warrant was given to execute, to the effect that he returned the same with defendant in custody on March 1st, 1923; then follows the record of conviction of the same date setting forth the conviction of the defendant by the recorder and the testimony of witnesses duly sworn upon which such conviction was had, followed by a statement, as follows: "The defendant did not offer any testimony." Then follows his conviction by the recorder of the offence as charged in the complaint and supported by the testimony and his commitment to the county jail for ninety days. The statute clearly contemplates that the complaint, process, proceedings, evidence and record of conviction shall constitute the record, and, as I view the matter, if they are regular and in accordance with legal requirements makes it unnecessary that their contents shall again be recited in the conviction and commitment. The document entitled "Conviction and Commitment" does recite the making of the complaint by the prosecutor of the violation of subdivision 3 of section 14 of the Motor Vehicle act and sets out the names of the witnesses and their testimony. It is true that it does not set out that a warrant was issued upon the complaint nor that the defendant pleaded to the charge.

But this was not essential in the present case to the validity of the proceedings, since the presence of the defendant in custody appears by the warrant itself and the return made

thereon by the officer, who made the arrest, supplemented by the recorder's reciting in the record of conviction at the conclusion of the testimony of the prosecutor's witnesses, that the defendant offered no testimony.

The statute which permits this review has established a course of procedure the validity of which cannot be successfully challenged because it is not in conformity with the common law in summary proceedings. The statute authorizes the justice of the Supreme Court to review the legality of the conviction or the reasonableness of the sentence or penalty imposed, and this the justice is to determine solely from the complaint, process, proceedings, evidence and record of conviction which are brought before him.

From this I conclude that all these taken together shall constitute the record, and if they do all that was requisite to constitute a valid conviction appears, namely, jurisdiction in the recorder; the process whereby the defendant was brought before the court; the defendant's appearance, the evidence presented, the adjudication and judgment. See *Preusser* v. *Case,* 54 *N. J. L.* 532, and cases there cited. It must be observed, however, that the procedure in the present case is pointed out by statute, whereas in the case cited the procedure was governed by the common law.

The order to discharge the defendant from custody must therefore be refused. I think, however, that under the evidence the penalty inflicted is in excess of what was warranted, and hence the penalty is reduced from ninety days to sixty days. An order to this effect is granted.